UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

JACKELINE VELEZ,

                Plaintiff,                                      18 Civ. 9754 (AEK)

            -against-                                     **OPINION AND ORDER**

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
---------------------------------------------------------------x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.[1]**

      Before the Court is Plaintiff Jackeline Velez's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). ECF Nos. 37-39.[2] For the reasons set forth below, the motion is GRANTED.

**I.      BACKGROUND**

      Plaintiff filed an application for disability insurance benefits on September 28, 2014 and filed an application for supplemental security income on March 1, 2017. Administrative Record dated March 14, 2019, Dkt. No. 25-2, at 10. On September 18, 2017, an administrative law judge ("ALJ") determined that Plaintiff was not entitled to benefits. *Id.* at 7-9. The Appeals Council denied Plaintiff's request for review of the ALJ decision on August 23, 2018. *Id.* at 1-4. Thereafter, in October 2018, Plaintiff retained Daniel A. Osborn of Osborn Law, P.C. to litigate

---

[1] On December 17, 2018, the parties consented to proceed before the Honorable Lisa Margaret Smith for all purposes in accordance with 28 U.S.C. § 636(c). ECF No. 23. The matter was reassigned to the undersigned on December 9, 2020.

[2] The motion was originally filed at ECF No. 34 on June 17, 2020, but the filing was rejected on the Court's ECF system on July 27, 2020. That has created the unusual situation where Defendant's response to the motion (ECF No. 35, dated June 24, 2020) and Plaintiff's reply in further support of the motion (ECF No. 36, dated June 29, 2020) appear on the docket *before* the re-filed motion, memorandum of law, and supporting declaration (ECF Nos. 37-39, filed July 28, 2020).

her claim in federal court. Declaration of Daniel A. Osborn ("Osborn Decl.") Ex. 1 (ECF No. 39-1) ("Attorney Fee Agreement" or the "Agreement"). Pursuant to the Agreement, Plaintiff agreed to pay Mr. Osborn, for his work in federal court, the greater of 25 percent of any past-due benefits resulting from her claim or such amount as Mr. Osborn was able to obtain pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Osborn Decl. Ex. 1. The Agreement provided that if Mr. Osborn was ultimately granted fees pursuant to 42 U.S.C. § 406(b), he would refund the smaller of the either the 406(b) fees or the EAJA fees to Plaintiff or her family. *Id.*

Plaintiff filed her complaint on October 23, 2018. ECF No. 1. After Defendant filed the administrative record on March 14, 2019, ECF No. 25, but before Plaintiff filed her motion for judgment on the pleadings, the parties submitted a proposed stipulation and order of remand, ECF No. 29, which was so ordered by the Court on July 30, 2019, ECF No. 30. On September 10, 2019, the Court signed a stipulation and order approving the award of EAJA fees and expenses in the amount of $836.40. ECF No. 33.

Upon remand to the Social Security Administration ("SSA"), a second hearing was held before an ALJ, and the ALJ ultimately issued a decision on March 31, 2020 finding Plaintiff to be disabled and entitled to benefits. Osborn Decl. ¶ 10 & Ex. 4. The SSA issued a notice of award ("NOA") to Plaintiff on May 18, 2020, setting forth the benefits she would be receiving. *Id.* ¶ 11 & Ex. 5. The NOA indicated that the SSA withheld 25 percent of the past-due benefits—a total of $6,806.70—to pay fees to an authorized representative. *Id.* ¶ 12 & Ex. 5 at 4. The SSA sent the NOA to the law firm that represented Plaintiff in the administrative proceedings. *Id.* ¶ 13. Mr. Osborn did not receive a copy of the NOA until he requested and received a copy from that law firm on June 17, 2020. *Id.* ¶ 14.

Mr. Osborn filed the instant motion, which seeks $3,400 in attorney's fees, on the same day he received the NOA.[3] *See id.* & ECF No. 34 (motion originally filed on June 17, 2020). On June 24, 2020, the Commissioner filed a response in his limited role "resembling that of a trustee for the claimant[]." ECF No. 35 at 1 (citing *Gisbrecht*, 535 U.S. at 798 n.6). The Commissioner did not take a specific position with respect to the fee request, and noted that the SSA "defers to the Court to make a determination as to whether counsel's request is reasonable."[4] *Id.* at 3.

## II. DISCUSSION

### A. Legal Standard

"Three statutes authorize attorney's fees in social security actions. 42 U.S.C. § 406(a) compensates attorneys for their representation at the administrative level; 42 U.S.C. § 406(b) compensates attorneys for representation before federal courts; and the EAJA provides additional fees if the Commissioner's position was not substantially justified." *Lafrance v. Saul*, No. 17-cv-4709 (CM) (SN), 2019 U.S. Dist. LEXIS 145812, at *3 (S.D.N.Y. Aug. 26, 2019), (quotation marks omitted) (citing *Gisbrecht*, 535 U.S. at 794-96), *adopted by* 2019 U.S. Dist. LEXIS 162093 (S.D.N.Y. Sept. 20, 2019). Pursuant to Section 406(b), which is invoked here, "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable

---

[3] Mr. Osborn acknowledges that while counsel may receive fee award under both EAJA and 42 U.S.C. §406(b), counsel must refund to Plaintiff the amount of the smaller fee. *See* ECF No. 36 at 3; ECF No. 38 at 5 n.2; *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

[4] The Commissioner cites several cases purportedly involving a range of fee awards for Mr. Osborn; in reality, however, these cases all involved a different attorney. *See* ECF No. 23 at 2-3.

3

fee for such representation," as long as the fee does not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A).

> B.   Analysis
>
> 1. Timeliness

The Court will first address whether Mr. Osborn timely filed his application for attorney's fees. In *Sinkler v. Berryhill*, the Second Circuit concluded that the 14-day filing period set forth in Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure applies to attorney's fees applications under 42 U.S.C. § 406(b), but that the 14-day filing period is subject to equitable tolling. 932 F.3d 83, 85 (2d Cir. 2019).[5] Thus, "[w]here, as here, a Social Security claimant secures a judgment reversing a denial of benefits and remanding for further proceedings, the fourteen-day filing period is tolled until the claimant receives notice of the amount of any benefits award . . . because the benefits award amount is necessary to identify the maximum attorney's fee that may be awarded under § 406(b)." *Id.* "[I]t is unclear whether the court in *Sinkler* intended for the 14-day tolling period to commence when the *party* to the action receives notice of the damage award or when the *party's counsel* receives notice." *Almodovar v. Saul*, No. 16-cv-7419 (GBD) (SN), 2019 U.S. Dist. LEXIS 202785, at * 5 (S.D.N.Y. Nov. 21, 2019); *compare Sinkler*, 932 F.3d at 85 ("[T]he fourteen-day filing period is tolled until the claimant receives notice of the amount of any benefits award.") *with id.* at 88 ("Once counsel receives notice of the benefits award . . . there is no sound reason not to apply Rule 54(d)(2)(B)'s fourteen-day limitations period . . . .").

---

[5] Rule 54(d)(2)(B) states that "[u]nless a statute or a court order provides otherwise," a motion for attorney's fees must "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i).

4

Here, the NOA is dated May 18, 2020, and is presumed to have been received on May 21, 2020. Osborn Decl. Ex. 5; *see Sinkler*, 932 F.3d at 89 n.5 ("Nothing in this opinion departs from the law's presumption that a party receives communications three days after mailing."). The motion for attorney's fees was filed 27 days later. But as Mr. Osborn has explained, he did not receive the NOA until June 17, 2020, when it was relayed to him by the firm that represented Plaintiff before the SSA, and the motion for attorney's fees was filed the same day Mr. Osborn received the NOA. Osborn Dec. ¶¶ 13, 14 & Ex. 6; ECF No. 34. The Commissioner's letter noted a question about the timeliness of the application, but the Commissioner "defers to the Court as to whether Counsel's request is untimely under *Sinkler*." *See* ECF No. 35 at 2.

The Court need not—and does not—decide the correct interpretation of *Sinkler* to resolve this matter. In holding that Rule 54(d)(2)(B) applies in the context of § 406(b) motions, the Second Circuit noted that the 14-day limitations period "is not absolute," and that such a period applies "unless a statute or a court order provides otherwise." *Sinkler*, 932 F.3d at 89 (quoting Fed. R. Civ. P. 54(d)(2)(B)). "Thus, district courts are empowered to enlarge that filing period where circumstances warrant." *Id.* The Court finds that the circumstances here warrant doing so. Mr. Osborn was not Plaintiff's counsel before the SSA on remand and was not notified by the SSA of Plaintiff's ultimate benefit award. *See* Osborn Decl. ¶¶ 13, 14 & Ex. 6. "Without the [NOA], [Mr. Osborn] could not file a motion for attorney's fees because he did not know the amount of past-due benefits." *Lafrance*, 2019 U.S. Dist. LEXIS 145812, at *6. Once Mr. Osborn received the NOA on June 17, 2020, *see* Osborn Decl. ¶ 14 & Ex. 6, he filed the instant motion the same day, *see* ECF No. 34. Accordingly, even if the filing period began to run when Plaintiff presumably received the NOA on May 21, 2020, enlargement of the filing period is warranted under the circumstances, and the motion is deemed to be timely. *See Sinkler*, 932

5

F.3d at 89-90; *Diberardino v. Comm'r of Soc. Sec.*, No. 17-cv-2868 (PKC), 2020 U.S. Dist. LEXIS 214696, at *8 (E.D.N.Y. Nov. 17, 2020) (enlarging the filing period and deeming a § 406(b) motion timely filed in nearly identical circumstances); *Phillip v. Comm'r of Soc. Sec.*, No. 18-cv-5005 (SN), 2021 U.S. Dist. LEXIS 32400, at *6 (S.D.N.Y. Feb. 22, 2021) (same); *see also Lopez v. Comm'r of Soc. Sec.*, No. 18-cv-2186 (CS) (LMS), 2020 U.S. Dist. LEXIS 44509, at *6-9 (S.D.N.Y. Mar. 12, 2020), *adopted by* No. 18-cv-2186 Dkt. No. 40 (text only order).

### 2. Reasonableness of the Fee Award

"Although 42 U.S.C. § 406(b) requires the court to review the reasonableness of any requested attorney's fees, because a contingency fee arrangement is the result of a freely negotiated arrangement between the claimant and his or her attorney, the court may only reduce the agreed upon contingency fee amount when it finds the amount unreasonable." *Ibbetson v. Saul*, No. 14-cv-7824 (KMK) (JCM), 2019 U.S. Dist. LEXIS 107259, at *8 (S.D.N.Y. June 25, 2019) (citing *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)), *adopted by* 2019 U.S. Dist. LEXIS 118146 (S.D.N.Y. July 16, 2019). "Thus, '§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements.'" *Id.* (quoting *Gisbrecht*, 535 U.S. at 808-09). To assess the reasonableness of a contingency fee, a court must first determine whether "the contingency percentage is within the 25% cap . . . [and] whether there has been fraud or overreaching in making the agreement." *Wells*, 907 F.2d at 372. A court must then consider the following factors to determine the reasonableness of a requested award: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3)

whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Palazzolo v. Saul*, No. 18-cv-1097 (VSB) (JLC), 2020 U.S. Dist. LEXIS 192167, at *4 (S.D.N.Y. Oct. 16, 2020) (quoting *Gisbrecht*, 535 U.S. at 808); *see also Wells*, 907 F.2d at 371.

Here, Mr. Osborn is requesting a fee of $3,400 under § 406(b) for 4.1 hours of work, which is less than half of the negotiated contingency percentage set forth in the Agreement. ECF No. 38 at 1, 6; ECF No. 39-2 (hours billed); ECF No. 39-5; ECF No. 35 at 2. Moreover, there is no evidence of fraud or overreaching in the negotiation of the Agreement. The requested fee amount also does not constitute a windfall. "Counsel's efforts were particularly successful given that they contributed to the Commissioner's ultimate decision to stipulate to a remand before briefing had even commenced," *Phillip*, 2021 U.S. Dist. LEXIS 32400, at *7 (quotation marks omitted), and there is no indication that counsel unreasonably delayed the proceedings. Given Mr. Osborn's requested § 406(b) fee of $3,400, his hourly rate amounts to a *de facto* rate of $829.27 per hour. *See* ECF No. 38 at 1, 6; ECF No. 35 at 2. While this is at the higher end of the range of hourly rates for these types of cases, other courts in this district have granted similar and even higher rates, including in cases litigated by Mr. Osborn. *See, e.g.*, *Philip*, 2021 U.S. Dist. LEXIS 32400, at *8 (approving $950 hourly rate for Mr. Osborn); *Muniz v. Comm'r of Soc. Sec.*, No. 18-cv-8295 (KMK) (PED), 2020 U.S. Dist. LEXIS 236935, at *7-8 (S.D.N.Y. Dec. 15, 2020) (approving $1,257.15 hourly rate), *adopted by* 2021 U.S. Dist. LEXIS 16519 (S.D.N.Y. Jan. 28, 2021); *Valle v. Colvin*, No. 13-cv-2876 (JPO), 2019 U.S. Dist. LEXIS 82180, at *8-9 (S.D.N.Y. May 15, 2019) (approving $1,079.72 hourly rate); *Nieves v. Colvin*, No. 13-cv-1439 (WHP) (GWG), 2017 U.S. Dist. LEXIS 211590, at *5-7 (S.D.N.Y. Dec. 26, 2017) (approving $1,009.11 hourly rate), *adopted by* 2018 U.S. Dist. LEXIS 11545 (S.D.N.Y. Jan. 24, 2018).

Furthermore, contingency agreements, like the one at issue here, present risks of non-payment; "payment . . . is inevitably uncertain, and any reasonable fee award must take account of that risk." *Nieves*, 2017 U.S. Dist. LEXIS 211590, at *6 (citing *Wells*, 907 F.2d at 371). The award amount sought here appropriately reflects that risk. Accordingly, Mr. Osborn's requested fee award of $3,400 is reasonable.

## III. CONCLUSION

The motion for attorney's fees under 42 U.S.C. § 406(b) is GRANTED, and Mr. Osborn is awarded $3,400 in attorney's fees. The Commissioner is instructed to disburse this amount to Daniel A. Osborn of Osborn Law, P.C. Upon receipt of this award, Mr. Osborn must promptly refund to Plaintiff $836.40, which represents the EAJA fees that counsel already has received.

Dated: June 7, 2021
      White Plains, New York

_____
ANDREW E. KRAUSE
United States Magistrate Judge